UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

In re:

ILYA YUKHIMETS,

           Debtor.

_____

ILYA YUKHIMETS, et al.,

           Appellants,

    v.

PFO SIDE CAR LLC, et al.

           Appellees.

CASE NO. 26-5574-BHS

U.S.B.C. NO. 25-43020

ORDER

THIS MATTER is before the Court on pro se appellant debtors Ilya and Anna Yukhimets'[1] emergency motion for a stay pending appeal and request for a temporary restraining order. Dkt. 7. Yukhimets asks this Court to overturn Bankruptcy Judge Mary Jo Heston's Order, Dkt. 8, in the underlying adversary action. Judge Heston denied his request for a stay pending appeal of her Order dismissing on summary judgment his

_____

[1] The Court refers to appellants in the masculine singular for clarity and ease of reference.

ORDER - 1

claims against some of his creditors, appellees PFO Side Car LLC, Christopher Ambrose, and PacWest Funding, dba Precision Capital ("defendants").

In 2022, Yukhimets guaranteed a loan from Precision to Yukhimets' entity, Prudent Capital, and secured the loan with his Vancouver home. Defendants contend the loan went into default in 2024. Dkt. 10 at 2. Yukhimets filed a Chapter 13 bankruptcy on December 4, 2025, apparently in the face of a pending foreclosure on the home. Yukhimets filed this adversary proceeding in the bankruptcy court on December 29, 2025. *See* No. 25-04074 MJH, Dkt. 1.

Defendants purchased the home at a trustee's sale on December 5, 2025. In May 2026, the bankruptcy court granted defendants' summary judgment motion and dismissed the adversary proceeding. Dkt. 8 at 2; Dkt. 7-2 at 3. Yukhimets moved for a stay pending appeal. *Id*. The bankruptcy court concluded he had not met the heavy burden required for a stay and denied the motion. Dkt. 8 at 3.

Yukhimets appeals the dismissal and moves for a temporary restraining order (TRO) precluding "eviction" or unlawful detainer proceedings against him, which are apparently scheduled for June 25. Dkt. 7.

He asserts that the bankruptcy court's order is erroneous for six reasons: (1) the trustee's sale and deed is void *ab initio* due to fraud, because the bankruptcy filing was one day earlier and the sale violated the § 362 automatic stay; (2) the bankruptcy court converted defendants' motion to dismiss into a summary judgment motion without notice; (3) the bankruptcy court's consistently adverse rulings suggest personal bias; (4) Precision is under "active securities fraud investigation"; (5) defendant attorney Ambrose

has a conflict of interest, tainting all of his conduct in the foreclosure; and (6) fraud vitiates everything. Dkt. 7 at 6–9.

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130–31 (9th Cir. 2006). For a court to grant a preliminary injunction, the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7, 20 (2008). The last two factors merge if the government is a party. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). When considering whether to grant this "extraordinary remedy, . . . courts must balance the competing claims of injury and consider the effect of granting or withholding the requested relief, paying particular regard to the public consequences." *Winter*, 555 U.S. at 24.

This framework generally applies to a stay under Bankruptcy Rule 8007. *See* Dkt. 10 at 4 (citing *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

Defendants oppose the motion. Dkt. 10. First, they contend and demonstrate that the bankruptcy court already correctly determined that Precision's actions were excepted from the bankruptcy stay. *Id*. (citing 11 U.S.C. § 362 and the bankruptcy court's order,

ORDER - 3

Dkt. 76, in the adversary proceeding). The sale did not violate the automatic stay, and Yukhimets cannot demonstrate that he is likely to succeed on the merits of this claim.

Second, defendants contend and demonstrate that the bankruptcy court provided Yukhimets notice and an opportunity to provide new evidence or argument, more than a month before the hearing. Dkt. 10 at 5 (citing bankruptcy court order, Dkt. 11[2] at 5). Yukhimets' assertion that the bankruptcy court converted defendants' motion without notice, and that the Order is therefore reversible error, is not correct. Yukhimets is not likely to succeed on the merits of this claim, and it is not a basis for reversing that order or for granting injunctive relief.

Third, Yukhimets argues that Judge Heston's consistent rulings against him suggest bias. This is not a viable predicate for recusal, disqualification, or a TRO. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). To the contrary, "[a]lmost invariably, they are proper grounds for appeal, not recusal." *Id.* Yukhimets has not demonstrated that he is likely to succeed on the merits of his claim that the bankruptcy court's orders were error because they were the product of bias.

Fourth, Yukhimets asserts that PacWest Funding is "under investigation," voiding the original deed of trust on his home, securing the in-default loan. This is a wholly conclusory accusation and Yukhimets has not articulated how any such ongoing

---

[2] Defendants' request that the court take judicial notice of the attached bankruptcy orders and filings, Dkt. 11, is **GRANTED**.

ORDER - 4

investigation warrants reversal of the bankruptcy court's order dismissing his adversary action. He has not shown he is likely to succeed on the merits of any such claim.

Fifth, Yukhimets sued defendants' attorney Ambrose, and then asserted he had a conflict of interest. As defendants contend, the conflict rules are designed to protect clients, not their adversaries. And Ambrose is not the attorney on this appeal. Yukhimets is not likely to succeed on the merits of his claim that any conflict would warrant reversal of the bankruptcy court's order.

Finally, defendants correctly contend that Yukhimets has failed to plead "fraud" with any particularity. He has not established that he is likely to succeed on the merits of any claim that fraud led to the original deed of trust, the foreclosure, or the bankruptcy court's order.

It is true that Yukhimets is facing irreparable harm if he is evicted from his home. But absent any likelihood of success on the merits of his claims that the bankruptcy court erred in permitting the sale or dismissing the adversary action, the court will not stay that proceeding pending appeal. Neither the public interest nor the balance of equities supports injunctive relief.

Appellant Yukhimets' motion for a TRO and a stay pending appeal, Dkt. 7, is **DENIED**.

**IT IS SO ORDERED**.

//

//

//

ORDER - 5

Dated this 24th day of June, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 6