UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

In re:

ILYA YUKHIMETS,

Debtor.

ILYA YUKHIMETS, et al.,

Appellants,

v.

PFO SIDE CAR LLC, et al.

Appellees.

CASE NO. 26-5574-BHS

U.S.B.C. NO. 25-43020 MJH

ORDER

THIS MATTER is before the Court on pro se appellant debtors Ilya and Anna Yukhimets'[1] Federal Rules of Civil Procedure 59 and 60 motion for reconsideration, Dkt. 14, of the Court's order, Dkt. 13, denying their emergency motion to stay, Dkt. 7. Yukhimets asserts that the Bankruptcy Court erroneously conflated the conduct of his wholly owned entity, Prudent Capital, LLC's (specifically, its scheme to hinder, delay, or

_____

[1] The Court refers to appellants in the masculine singular for clarity and ease of reference.

ORDER - 1

defraud its creditors), with his own conduct when the court retroactively annulled the automatic stay and permitted the creditor (and adversary proceeding defendant) PFO Side Car, to execute on its collateral, his home. *See* Dkt. 14 at 1–4.

PFO Side Car opposes the motion. Dkt. 16. It argues the motion is procedurally improper and that the Bankruptcy Court correctly based its annulment decision on more than just Prudent's scheme to hinder, delay, or defraud; those efforts were just one of seven factors it cited in deciding to annul the automatic stay. Dkt. 16 at 3 (citing *Fjelsted v. Lien* (*In re Fjelsted*), 293 B.R. 12, 24-25 (9th Cir. BAP 2003)). It emphasizes that the proceeding is *in rem*, and does not require an allocation of fault to any particular debtor. *Id.* (citing *In re Montalvo*, 416 B.R. 381, 388 (Bankr. E.D.N.Y. 2009) ("[*I*]*n rem* relief should be just that—relief effecting all entities claiming to hold an interest in the property, regardless of whether they sought bankruptcy protection.")).

The Court agrees that Yukhimets has not met the reconsideration standard. Motions for reconsideration are disfavored and will ordinarily be denied absent a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. Local Rules, W.D. Wash., LCR 7(h)(1). The term "manifest error" is "[a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." BLACK'S LAW DICTIONARY 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted,

absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Yukhimets does not contend or demonstrate that the underlying decision to retroactively annul the automatic stay was erroneous, or that the Bankruptcy Court's or this Court's denial of a stay pending appeal was erroneous.

The motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated this 10th day of July, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3